NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDY MICHAEL KI'HEEM MOORE, | No. 21-15618 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01967-SMB-CDB |
| v. | |
| STATE OF ARIZONA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted January 19, 2022[**]

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Pretrial detainee Randy Michael Ki'Heem Moore appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations

of his constitutional rights during his ongoing state criminal case.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Moore's claims against defendants Magzizza and Jorgenson as barred by judicial and prosecutorial immunity, respectively, and against defendant Krejci because Krejci is not a state actor under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317-19 (1981) (a private attorney or a public defender does not act under color of state law within the meaning of § 1983); *Garmon v. County of Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016) (explaining the application of absolute prosecutorial immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (explaining judicial immunity and that it applies to "those performing judge-like functions").

The district court properly dismissed Moore's false arrest claim against defendant Gonzalez because Moore failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (requirements of Fourth Amendment false arrest claim).

We reject as unsupported by the record Moore's contention that the district court ignored his claims under 42 U.S.C. §§ 1985(3) and 1986, as well as 18 U.S.C. §§ 241 and 242.

**AFFIRMED.**

2                                                                                    21-15618